**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| PATTI DENG-WONG, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 4:17-cv-00190 –ALM - CAN |
| | § | |
| SAFECO INSURANCE COMPANY OF INDIANA, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S AMENDED COMPLAINT

Patti Deng-Wong ("Ms. Deng-Wong"), Plaintiff herein, files this Amended Complaint against Defendant Safeco Insurance Company of Indiana ("Safeco") and, in support of her causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. Patti Deng-Wong is a Texas resident who resides in Collin County, Texas.

2. Safeco is an insurance company doing business in the State of Texas and has already been served in this matter.

### II.
### JURISDICTION AND VENUE

3. This court has subject matter jurisdiction of this cause of action under 28 U.S.C. § 1332.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas, Sherman Division.

## III.
## FACTUAL BACKGROUND

5. Ms. Deng-Wong owns a home located at 4409 Staten Island Dr., Plano, Texas 75024. She is a named insured under a property insurance policy issued by Safeco, Policy No. OY6612534, effective October 27, 2015 through October 27, 2016.

6. On or about April 11, 2016 a severe storm struck the Plano, Texas area, damaging Ms. Deng-Wong's house and other property. Ms. Deng-Wong witnessed large hail impact her property. Indeed, the hail was severe enough that it penetrated corrugated fiberglass roofing over her greenhouse. Ms. Deng-Wong subsequently filed a claim on her insurance policy.

7. Safeco performed two outcome-oriented investigations of Ms. Deng-Wong's claim, both of which resulted in a biased, unfair and inequitable evaluations of her covered losses.

8. Safeco assigned adjuster Haris Massood, an office adjuster, to oversee the claim. Safeco also assigned a field adjuster named Bill Chambliss to inspect the property and draft an estimate.

9. On or about August 31, 2016, Mr. Chambliss inspected the property with the assistance of a representative from "Ladder Now," a company that provides personnel who are typically not licensed adjusters to facilitate property inspections on behalf of insurers (commonly referred to as a 'ladder assists').

10. Mr. Chambliss conducted a substandard investigation and inspection of the property and pre-determined the outcome of the claim before all facts were known to him. Mr. Chambliss prepared a report that failed to include all of the damages that were observed or should have been observed during the inspection and undervalued those few damages that he was willing to acknowledge.

11. For example, while his 'ladder assist' was busy inspecting the roof for a few minutes, Mr. Chambliss remained on the ground and spent most of his time inspecting the backyard and the fence. Before his ladder assist had even finished inspecting the roof and documenting the damages, and even though Mr. Chambliss did not physically inspect the roof himself, he told Ms. Deng-Wong that the hail strikes on the fence were small enough such that he could also conclude that there would be no serious storm-related damage to the roof.

12. Mr. Chambliss then returned to his vehicle with the ladder assist. About 15 minutes later, Ms. Chambliss emerged and showed Ms. Deng-Wong a few photographs taken by the ladder assist. He represented to her that there was either no damage to the roof or that the marks on the roof were small enough that he believed they could not have been caused by hail and would therefore not constitute covered damages.

13. Consistent with his misrepresentation of the extent and cause of the damage to the roof that he never inspected himself, Mr. Chambliss wrote in his estimate that his "[r]oof inspection revealed no apparent storm damage to dwelling shingles" and that the roof only suffered from "[n]ormal wear, tear and weathering." Indeed, Mr. Chambliss' estimate covered just a few hail damaged window screens and roof vents.

14. Ms. Deng-Wong disagreed with Mr. Chambliss' assessment, so she asked Safeco to send another adjuster to perform re-inspection. Unfortunately, Ms. Deng-Wong experienced a substantially similar series of events.

15. On October 11, 2016, Safeco sent an adjuster named Keri Weister to inspect the property. Ms. Weister also brought a representative of Ladder Now to the second inspection.

16. Following the ladder assistant's inspection of the roof, Ms. Weister informed Ms. Deng-Wong that although more hail damage was both found and acknowledged– namely to the

roof vents, pipes, fences, gutters, and downspouts – there was no hail damage to the roof's shingles. She also informed Ms. Deng-Wong that she would send a copy of her report and photographs to her in the near future.

17. Ms. Deng-Wong did not receive any further information from Ms. Weister or Safeco as promised.

18. So, after waiting for two weeks, Ms. Deng-Wong contacted Mr. Massood about the delay, prompting Safeco to send a copy of Ms. Weister's estimate – but without the photos. Ms. Weister's estimate also repeated the false representation that "[r]oof inspection revealed no apparent storm damage to dwelling shingles. Normal wear, tear and weathering to the roof was observed and documented."

19. Along with the second estimate was a check form Safeco for $375.35 – the total amount Safeco acknowledged it would pay towards the claim after applying the deductible amount.

20. In sum, Safeco's unreasonable investigations and inaccurate findings resulted in the underpayment of Ms. Deng-Wong's claim.

## IV.
## CAUSES OF ACTION

21. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.  Breach of Contract**

22. Safeco had a contract of insurance with Plaintiff. Safeco breached the terms of that contract by wrongfully underpaying the claim and Plaintiff was damaged thereby.

**B.      Prompt Payment of Claims Statute**

23.     The failure of Safeco to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

24.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18 percent interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.      Bad Faith/Deceptive Trade Practices Act ("DTPA")**

25.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

26.     Defendant violated Section 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

27.     Defendant violated Section 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

28. Defendant violated Section 541.061 by:

    (1) making an untrue statement of material fact;

    (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4) making a material misstatement of law; and

    (5) failing to disclose a matter required by law to be disclosed.

29. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

30. Defendant has violated the Texas DTPA in the following respects:

    (1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    (2) Safeco failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

    (3) Safeco, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section

17.50(a)(1)(3) of the DTPA in that Safeco took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

31. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.    Attorneys' Fees**

32. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

33. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because she is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

34. Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

**V.**
**CONDITIONS PRECEDENT**

35. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Patti Deng-Wong prays that, upon final hearing of the case, she recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Ms. Deng-Wong be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Ms. Deng-Wong may show herself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: /s/ William X. King
William X. King
State Bar No. 24072496
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax
wking@dalyblack.com
**ATTORNEYS FOR PLAINTIFF
PATTI DENG-WONG**

**CERTIFICATE OF SERVICE**

      On April 25, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, Sherman Division using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Mark D. Tillman
Colin R. Batchelor
Jackson P. Mabry
TILLMAN BATCHELOR, LLP
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone (214) 492-5720
Telecopy (214) 492-5721
mark.tillman@tb-llp.com
colin.batchelor@tb-llp.com
jackson.mabry@tb-llp.com
**ATTORNEYS FOR DEFENDANT**

                                                                 /s/ *William X. King*
                                                                 William X. King